UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THEODORE E. MUSGROVE,<br><br>                    Petitioner,<br><br>    v.<br><br>PAROLE BOARD COMMISSION OF IDAHO, et al.,<br><br>                    Respondents. | Case No. 1:24-cv-00394-BLW<br><br>**INITIAL REVIEW ORDER** |

Petitioner Theodore E. Musgrove, an inmate in the custody of the Idaho Department of Correction, has filed a Petition for Writ of Habeas Corpus. *See* Dkt. 1.

Federal habeas corpus relief under 28 U.S.C. § 2254 is available to petitioners who show that they are held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). The Court must review each habeas corpus petition upon receipt to determine whether the petition is subject to summary dismissal pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

Rather than setting forth identifiable legal claims supported by specific facts, the Petition instead appears to be a list of grievances peppered with insults and profanities. The Petition does not include enough facts for Petitioner to proceed at this time.

Habeas Rule 2(c) requires a habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Because all of the facts and grounds for relief must be included in the petition, the Court—and the respondent—need not consider allegations or arguments set forth in other documents, such as affidavits attached to a petition. *See Sivak v. Christensen*, No. 1:16-CV-00189-BLW, 2018 WL 4643043, at *2 (D. Idaho Sept. 27, 2018) (unpublished) ("The Court was not required to meticulously search through the many documents Petitioner submitted with his Petition. Instead, it was entitled to rely on the habeas Petition itself to contain all of the information necessary to adjudicate that Petition."). The Petition contains no supporting facts.

Nor does the Petition rely on any federal constitutional provision. Habeas relief is available only to prisoners who are in custody in violation of federal law. 28 U.S.C. § 2254(a). Because Petitioner has not alleged any such violation, the Petition fails to state a plausible habeas claim.

Moreover, Petitioner has not complied with Habeas Rule 2(d), which requires any habeas petition brought pursuant to 28 U.S.C. § 2254 to "substantially

follow either the form appended to these rules or a form prescribed by a local district-court rule." This Court has adopted a local form for § 2254 petitioners, which it will provide to Petitioner.

Finally, the Petition names a variety of inappropriate respondents. In any amended petition, Petitioner should name as respondent only the warden of the facility in which Petitioner is confined. *See* Habeas Rule 2(a) (stating that the proper respondent in a habeas corpus action under 28 U.S.C. § 2254 is the "officer who has custody" of the petitioner); *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that a petitioner challenging his present physical confinement must name as respondent "the warden of the facility where the prisoner is being held").

Accordingly, within 28 days after entry of this Order, Petitioner must file an amended petition complying with Habeas Rules 2(c) and 2(d) and naming an appropriate respondent.

## ORDER

**IT IS ORDERED:**

1. It does not appear that Petitioner has paid the filing fee for this action. Therefore, Petitioner must pay the $5.00 filing fee when Petitioner next receives funds in his prison trust account.

2. Within 28 days after entry of this Order, Petitioner must file an amended petition that complies with Habeas Rules 2(c) and 2(d) and

INITIAL REVIEW ORDER - 3

       that names an appropriate respondent.

3. The Clerk of Court is instructed to provide Petitioner with this Court's form § 2254 petition, and Petitioner is encouraged and expected to use that form to draft any amended petition.

4. If Petitioner does not file a timely amended petition, this case may be dismissed without further notice.

DATED: November 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

INITIAL REVIEW ORDER - 4