UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| THEODORE E. MUSGROVE,<br><br>          Petitioner,<br><br>     v.<br><br>BREE DERRICK,<br><br>          Respondent. | Case No. 1:24-cv-00394-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Second Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Theodore E. Musgrove ("Petitioner"), challenging Petitioner's state court convictions. Dkt. 28. Respondent has filed a Motion for Summary Dismissal, and Petitioner has filed several procedural motions. The motions are now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 18, 34, 65; *see* Fed. R. Evid. 201(b).

Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d).

MEMORANDUM DECISION AND ORDER - 1

Accordingly, the Court enters the following Order granting Respondent's Motion for Summary Dismissal and denying or mooting Petitioner's motions.

## BACKGROUND

In the Fourth Judicial District Court in Ada County, Idaho, Petitioner pleaded guilty to enticing a child over the internet to engage in oral-genital contact and sexual abuse of a 15-year old child. *State's Lodging A-2* at 19–21. In exchange for the guilty pleas, the prosecution agreed to limit its sentencing recommendation and to refrain from filing additional charges involving five other minor victims. *A-1* at 35–36; *A-3* at 32–3. Petitioner was sentenced to 15 years in prison with 10 years fixed on the enticing conviction, and a consecutive indeterminate term of 25 years on the sexual abuse conviction. *A-1* at 48–51.

Petitioner challenged his sentence on direct appeal, and the Idaho Court of Appeals affirmed. *B-4* at 1–2. The Idaho Supreme Court denied review on May 5, 2009. *B-6* at 1.

In April 2009, while his petition for review was still pending in the Idaho Supreme Court, Petitioner filed a state post-conviction petition. *C-1* at 5–18. The Idaho district court dismissed the petition, and the Idaho Court of Appeals affirmed. *Id*. at 209–30; *D-3*. The state court issued the remittitur on June 13, 2011. *D-4*.

MEMORANDUM DECISION AND ORDER - 2

In January 2021, Petitioner returned to the state trial court and filed a motion to overrule the restitution order in his criminal case. In May 2023, Petitioner filed a motion to correct his sentence under Idaho Criminal Rule 35. The state court denied the motions in May 2023. *E-1* at 34–35.

Petitioner appealed the denial of his Rule 35 motion. *F-5*. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *F-8; F-10*.

On August 13, 2024 (at the earliest[1]), while Petitioner's Rule 35 appeal was still pending, Petitioner filed an initial federal habeas corpus petition in this Court. Dkt. 1. This action was stayed pending the completion of Petitioner's state court appeal and has now been reopened. Dkt. 31, 42.

The operative Second Amended Petition asserts claims of prosecutorial misconduct; ineffective assistance of trial counsel; ineffective assistance of appellate counsel; judicial misconduct with respect to Petitioner's plea proceedings, restitution proceedings, and sentencing hearing; and deprivation of due process during the plea and restitution proceedings. Dkt. 28 at 7–10.

Respondent now argues that the Second Amended Petition is barred by the one-year statute of limitations and that Petitioner's claims are procedurally defaulted without excuse. For the reasons that follow, the Court agrees that the

---

[1] Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail, rather than the date it is actually filed with the clerk of court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

Petition is untimely and, therefore, does not address Respondent's procedural default argument.

## DISCUSSION

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

## 1.     Standards of Law

The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally requires a petitioner to seek federal habeas corpus relief within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."[2] 28 U.S.C. § 2244(d)(1)(A).

---

[2] Several other triggering events for the statute of limitations exist—but are less common—and are set forth in subsections 2244(d)(1)(B) through (D):

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

The first step in a statute of limitations analysis is determining the date when the petitioner's conviction became final. Under 28 U.S.C. § 2244(d)(1)(A), the date of "finality" that begins the one-year time period is marked as follows, depending on how far a petitioner pursues his case:

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

---

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

MEMORANDUM DECISION AND ORDER - 5

In each of the above instances, if the petitioner stops pursuing the case and does not take the next step within the time specified, "finality" is measured from entry of final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzalez v. Thaler*, 565 U.S. 134, 150–51 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001). That is, finality occurs on the date of the final order terminating direct review. In Idaho, the final order terminating a direct appeal is either (1) the Idaho Supreme Court's decision in a direct appeal, or (2) in cases where the Idaho Court of Appeals decides the direct appeal and the Idaho Supreme Court does not review that decision, the Idaho Supreme Court's denial of a petition for review from the decision of the court of appeals.

The one-year statute of limitations can be tolled (or paused) under certain circumstances. AEDPA provides for tolling for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review … is pending." 28 U.S.C. § 2244(d)(2). A motion to reduce a sentence that is not a part of the direct review process and that requires re-examination of the sentence qualifies as a collateral review application that, if properly filed, tolls the one-year statute of limitations. *Wall v. Kholi*, 562 U.S. 545, 555-56 (2011).

Thus, to the extent that a petitioner properly filed an application for post-conviction relief or other collateral challenge in state court, the one-year federal

MEMORANDUM DECISION AND ORDER - 6

limitations period stops running on the filing date of the state court action and resumes when the action is completed. However, AEDPA "does not permit the reinitiation of the [federal] limitations period that has ended before the state petition was filed." *Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003).

To determine the date when a petitioner's state court post-conviction action concluded, the Court looks to state law. *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002). Under Idaho law, an appellate case remains pending until a remittitur is issued. *Jakoski v. State*, 32 P.3d 672, 679 (Idaho Ct. App. 2001). Thus, for federal statute of limitations purposes, a post-conviction petition in Idaho is deemed "pending" until the state appellate court issues the remittitur.

In addition to statutory tolling, equitable tolling can also suspend the one-year limitations period. A habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "[T]he threshold necessary to trigger equitable tolling under AEDPA is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and alteration omitted). The petitioner bears the burden of showing a factual basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318 at n. 3 (9th Cir. 1999).

With respect to the first prong of equitable tolling, "whether a petitioner acted with reasonable diligence is a fact-specific inquiry." *Fue v. Biter*, 842 F.3d 650, 654 (9th Cir. 2016). For a petitioner to satisfy the diligence prong, he "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith v. Davis*, 953 F.3d 582, 598–99 (9th Cir. 2020) (en banc). In *Smith*, for example, the Ninth Circuit denied equitable tolling because the petitioner "failed to exercise reasonable diligence during the 10 months available after [the extraordinary circumstance ended] and before the … statute of limitations expired." *Id.* at 586.

The second prong of equitable tolling requires extraordinary circumstances that prevented a timely filing. Ignorance of the law alone is not an appropriate ground for equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Equitable tolling is not justified by mere oversight or negligence. *Sossa v. Diaz*, 729 F.3d 1225, 1229 (9th Cir. 2013). For an attorney's error to constitute an extraordinary circumstance warranting equitable tolling, the misconduct must be "egregious." *Holland*, 560 U.S. at 651. A "garden-variety claim of excusable neglect" is insufficient. *Id*. (internal quotation marks omitted).

Additionally, there must be a causal link between the extraordinary circumstance and the untimeliness of the petition. This requirement "does not

MEMORANDUM DECISION AND ORDER - 8

impose a rigid impossibility standard on litigants, and especially not on pro se prisoner litigants." *Smith*, 953 F.3d at 600 (internal quotation marks omitted).

In addition to statutory and equitable tolling, the statute of limitations is subject to an actual innocence exception, also referred to as the miscarriage-of-justice exception. *McQuiggin v. Perkins*, 569 U.S. 383, 393–94 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc). Actual innocence in this context means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

In asserting actual innocence, a petitioner must "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A time-barred claim may be heard under the actual innocence exception only if "in light of all of the evidence, 'it is more likely than not that no reasonable juror would have found [Petitioner] guilty beyond a reasonable doubt.'" *United States v. Avery*, 719 F.3d 1080, 1083 (9th Cir. 2013) (quoting *Schlup*, 513 U.S. at 327). In other words, it must be more likely than not that *every* reasonable juror would vote to acquit.

This extremely demanding standard "permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006). Indeed, cases in

MEMORANDUM DECISION AND ORDER - 9

which the actual innocence gateway standard has been satisfied have "typically involved dramatic new evidence of innocence." *Larsen v. Soto*, 742 F.3d 1083, 1096 (9th Cir. 2013). Such evidence may include new DNA evidence or "a detailed third -party confession that "undermine[s] the validity of the prosecution's entire case." *Sistrunk v. Armenakis*, 292 F.3d 669, 677 (9th Cir. 2002); *see House*, 547 U.S. at 540–41. The actual innocence exception is not satisfied by evidence that is merely speculative, collateral, cumulative, or "insufficient to overcome otherwise convincing proof of guilt." *Larsen*, 742 F.3d at 1096.

A court considering whether a petitioner has established actual innocence must consider "all the evidence, old and new, incriminating and exculpatory, admissible at trial or not." *Lee v. Lampert*, 653 F.3d 929, 938 (9th Cir. 2011) (en banc) (internal quotation marks omitted). The actual innocence analysis "does not turn on discrete findings regarding disputed points of fact, and '[i]t is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses.'" *House v. Bell*, 547 U.S. 518, 539-40 (2006) (quoting *Schlup*, 513 U.S. at 329 (alteration in original)). Rather, the court must "make a probabilistic determination about what reasonable, properly instructed jurors would do." *Schlup*, 513 U.S. at 329.

**2.       Petitioner's Claims Are Barred by the Statute of Limitations**

> **A.       *Even with Statutory Tolling, Petitioner's Initial Federal Petition Was Filed after the Expiration of the Limitations Period***

Because Petitioner did not file a petition for writ of certiorari with the United States Supreme Court, his conviction became final on August 3, 2009, ninety days after the Idaho Supreme Court denied review in Petitioner's direct appeal. 28 U.S.C. § 2244(d)(1)(A); U.S. Supreme Court Rule 13. However, the statute of limitations did not begin to run at that point because Petitioner had already filed a state post-conviction petition several months earlier.

Accordingly, AEDPA's statute of limitations was statutorily tolled until the completion of Petitioner's state post-conviction proceedings. 28 U.S.C. § 2244(d)(2). Those proceedings became final on June 13, 2011, when the Idaho Court of Appeals issued the remittitur in Petitioner's post-conviction appeal.

AEDPA's statute of limitations began to run the next day and expired one year later, on June 14, 2012. Petitioner's subsequent state-court proceedings do not serve to toll AEDPA's statute of limitations because he instituted those proceedings in 2021, long after the federal limitations period had already expired. *See Ferguson*, 321 F.3d at 822.

Plaintiff's initial petition in this case was not filed until August 13, 2024, over 12 years too late. Therefore, the petition must be dismissed as untimely unless

MEMORANDUM DECISION AND ORDER - 11

Petitioner can establish that he is entitled to sufficient equitable tolling or that he is actually innocent.

### B.    Petitioner Is Not Entitled to Equitable Tolling

Petitioner does not dispute that his petition is untimely but argues the statute of limitations should be equitably tolled. As stated above, equitable tolling applies if (1) the petitioner has pursued his rights diligently, and (2) extraordinary circumstances stood in the way and prevented a timely filing. *Holland*, 560 U.S. at 649. Petitioner has not satisfied either prong of this analysis.

Petitioner asserts several bases for equitable tolling. First, Plaintiff claims his post-conviction counsel abandoned him and that he received ineffective assistance of trial, appellate, and post-conviction counsel. *Memo. in Opp. to Mot. Summ. Dis.*, Dkt. 54-1, at 20–23.

Whether or not post-conviction counsel abandoned Petitioner during the representation or committed other egregious misconduct, Petitioner has not set forth any reason why he could not have filed his federal petition in the thirteen years after that representation ended. *Smith*, 953 F.3d at 600 ("[I]t is only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing that equitable tolling may be the proper remedy."). The same is true with respect to trial and appellate counsel—Petitioner has not explained how ineffective assistance during the representation caused the delay in

MEMORANDUM DECISION AND ORDER - 12

filing. Thus, Petitioner cannot establish that attorney misconduct stood in his way and prevented him from filing a timely federal petition.

Second, Plaintiff claims the limitations period should be tolled because he lacked access to a law library for "ten years or more." *Memo. in Opp. to Mot. Summ. Dis*. at 22. However, the Ninth Circuit has "rejected the argument that lack of access to library materials automatically qualifie[s] as grounds for equitable tolling." *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001). Rather, to be entitled to equitable tolling, a petitioner must establish that he could not have filed "a basic form habeas petition" within the limitations period given the resources available. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1014 (9th Cir. 2009) (denying tolling when a petition was 340 days late because, for three years, the petitioner "had access to all of the documents necessary for his *Faretta* self-representation claim. He could have developed that argument, outlined the other arguments and the facts underlying those arguments on the form habeas petition, and then sought to amend his petition when he got more information.").

For example, this Court has denied a request for equitable tolling where various legal resources, including the Court's own prisoner self-help packet, were available at the prison during the limitations period. *Brown v. Smith*, No. 1:12-CV-00112-REB, 2013 WL 149357, at *4 (D. Idaho Jan. 14, 2013) (unpublished) ("[T]he prison self-help packet, available since 2002 and updated in 2011, outlines

MEMORANDUM DECISION AND ORDER - 13

how the AEDPA statute of limitations is calculated."). Even though there was no case law about AEDPA in the prison law library, the petitioner in *Brown* did not show that the resources in the library "were unavailable to him personally[] or that State action prevented him from discovering the law or filing his petition." *Id*. A petitioner seeking equitable tolling based on lack of legal research materials also must explain "how he would have acted differently had he been given access" to such materials. *Id*.

Petitioner has not established that he was prevented from filing a basic form habeas petition in the twelve years after the expiration of the limitations period. He has not alleged that this Court's habeas self-help packet was unavailable to him during that period of time, nor has he explained how he would have acted differently if he had access to a particular document. Therefore, the alleged lack of a law library does not warrant equitable tolling in this case.

Finally, Plaintiff states he was diligent because he waited to pursue his legal education until he received COVID-19 stimulus funds. *Memo. in Opp. to Mot. Summ. Dis*. at 22–23. Petitioner obtained his paralegal certificate in September 2022 and only then "began to study how to potentially reopen his case with limited resources regarding federal habeas corpus proceedings." *Id*. at 23. But, as explained above, ignorance of the law is not enough for equitable tolling. *Rasberry*, 448 F.3d at 1154 ("[A] pro se petitioner's lack of legal

MEMORANDUM DECISION AND ORDER - 14

sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling."). Accordingly, Petitioner's difficulties in earlier pursuing his legal training do not justify equitable tolling.

Petitioner simply has not met his burden of showing that extraordinary circumstances beyond his control prevented him from filing a timely habeas petition.

### C.    *Petitioner Has Not Established Actual Innocence to Excuse the Untimely Filing*

Petitioner does not expressly argue that he is actually innocent. Mindful of Petitioner's pro se status, however, the Court has reviewed the record to determine whether the miscarriage-of-justice exception might apply. Because the Court has found no new evidence of innocence, the exception does not render Petitioner's claims timely.

## CONCLUSION

Because Petitioner (1) is entitled to statutory tolling only until June 13, 2011, (2) is not entitled to equitable tolling, and (3) has not made a colorable showing of actual innocence, the Court will dismiss the Second Amended Petition with prejudice as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d).

MEMORANDUM DECISION AND ORDER - 15

## ORDER

**IT IS ORDERED:**

1.     Respondent's Motion for Summary Dismissal (Dkt. 51) is GRANTED, and the Second Amended Petition is DISMISSED with prejudice as untimely.

2.     Petitioner's Motion for Respondent to Notice Change of Address (Dkt. 53) is MOOT. Respondent has been properly using Petitioner's updated address in the time since Petitioner filed this Motion.

3.     Petitioner's Motion for Evidentiary Hearing to Show Cause and Prejudice (Dkt. 55) is DENIED. Because the Court does not need to address Respondent's procedural default argument, it also does not need to consider whether cause and prejudice exist to excuse the default.

4.     Petitioner's Motion for Sanctions (Dkt. 58) is DENIED. Petitioner contends that Respondent added a new argument in Respondent's reply brief in support of the Motion for Summary Dismissal. Petitioner is mistaken. Respondent's opening brief plainly argued that if Petitioner could not show cause and prejudice, the Court must dismiss the case. *See* Dkt. 51-1 at 15–16. Therefore, the cause-and-prejudice argument in the Reply was not a new argument.

5.      Petitioner's Motion for Scheduling Order and Motion for Ruling (Dkts. 60 and 62) are MOOT.

6.      The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: August 12, 2026

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 17